Allen **BOWDACH**, an infant by his legal guardian, Dorothy Bowdach, and Dorothy Bowdach, Individually, Plaintiffs,

v.

**FRONTIERLAND, INC.**, a corporation, Defendant, and Third-Party Plaintiff,

v.

Larry **MATHEWS**, alias Larry Mazzeo, and Camp Chatuga, Inc., a corporation, Third-Party Defendants.

Civ. A. No. 3092.

United States District Court,
W. D. North Carolina,
Asheville Division.

May 15, 1972.

See, also, D.C., 347 F.Supp. 233.

Stedman H. Hines, Bryson City, N. C., for plaintiffs.

James N. Golding, Williams, Morris & Golding, Asheville, N. C., for defendant and third-party plaintiff, Frontierland, Inc.

Herbert L. Hyde, Van Winkle, Buck, Wall, Starnes & Hyde, Asheville, N. C., for third-party defendant, Larry Mathews.

Landon Roberts, Asheville, N. C., for third-party defendant, Camp Chatuga, Inc.

## MEMORANDUM OF DECISION AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the court upon Motion of the third-party defendant, Camp Chatuga, Inc., to Dismiss the third-party complaint and summons for insufficiency of service of process, for lack of jurisdiction over the person, and for failure to state a claim upon which

relief could be granted in this cause. In the alternative, the third-party defendant, Camp Chatuga, Inc., moves for summary judgment on the grounds that no facts are alleged implicating or in anywise connecting the third-party defendant with the injuries sustained by the plaintiff by reason of gunshot wounds inflicted by Larry Mathews. This matter was heard in Bryson City on March 30, 1970, and the court now enters its decision and order.

This action was instituted by Dorothy Bowdach as guardian and mother of the plaintiff, Allen Bowdach, against Frontierland, Inc., seeking to recover compensatory damages for personal injuries sustained by the said Allen Bowdach on July 25, 1967, and for medical expenses and loss of services. The plaintiff alleges that while an invitee upon the premises of Frontierland in Cherokee in the Western District of North Carolina, he was injured by the negligence of its agent, servant and employee, Larry Mathews. Frontierland answered denying agency and liability and seeks to implead Mathews and Camp Chatuga, Inc., alleging in its third-party complaint that plaintiff's injuries were caused by the negligence of Mathews, an independent contractor, and by the negligence of Camp Chatuga, Inc. Frontierland therefore seeks contribution or indemnification from Mathews and Camp Chatuga, Inc.

The plaintiff and his legal guardian are residents of the State of Florida and the third-party defendant, Larry Mathews, is a resident of the State of California, and the third-party defendant, Camp Chatuga, Inc., is a South Carolina corporation. Summons was issued by the Clerk of this court on January 7, 1970, and the United States Marshal for the District of South Carolina served said process by delivering a copy of the summons and the third-party complaint to Neil Gordon, Vice-President of Camp Chatuga, Inc., at Newberry, South Carolina, on January 14, 1970. This procedure was in compliance with the statutory Rules of Civil Procedure adopted by the General Assembly of North Carolina in 1967 and which became effective January 1, 1970. G.S. § 1A–1, Rule 4(j) (6)a. and (9)a. authorizes and prescribes the manner of personal service of summons upon a corporation outside the state as an alternative method of service on a party not found within this state.

Frontierland contends that this court has personal jurisdiction over the third-party defendant, Camp Chatuga, Inc., under the provisions of G.S. § 1–75.4(3) and G.S. § 55–145(a)(4). These statutes read in part as follows:

### G.S. § 1–75.4(3)

"*Personal jurisdiction, grounds for generally.*—A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

(3) *Local Act or Omission.*—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant."

### G.S. § 55–145(a)(4)

"*Jurisdiction over foreign corporations not transacting business in this State.*—(a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(4) Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

The court has subject matter jurisdiction by reason of diversity of citizenship. The defendant, Frontierland, relies upon the service of process by the United States Marshal in South Carolina to confer *in personam* jurisdiction over

the third-party defendant, Camp Chatuga, Inc. Rule 4, Federal Rules of Civil Procedure, directs that process be served in the manner prescribed by the law of the state in which the district court is held. Process in this instance was served personally upon an officer of the third-party defendant corporation. Frontierland also relies upon G.S. § 1-75.3(b) and G.S. § 55-146.1 which read in part as follows:

### G.S. § 1-75.3(b)

"(b) *Personal Jurisdiction.*—A court of this State having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in § 1-75.4 . . . and in addition either:

(1) Personal service or substituted personal service of summons, or service of publication of a notice of service of process is made upon the defendant pursuant to Rule 4(j) of the Rules of Civil Procedure . . ."

### G.S. § 55-146.1

"*Alternative jurisdiction over and service of process on foreign corporations.*—In addition to the procedure set out in this chapter, foreign corporations may be served with process and subjected to the jurisdiction of the courts of this State pursuant to applicable provisions of chapter 1 and chapter 1A of the General Statutes."

Camp Chatuga, Inc., contends that the third-party complaint contains no allegation of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance as required under G.S. § 55-145(a) (4), and that there are no allegations of any act or omission within this state by said Camp as required under G.S. § 1-75.-4(3). It therefore contends that this court could not have *in personam* jurisdiction over this third-party defendant and that the service of summons would be insufficient.

The third-party complaint contains nothing more than one conclusory allegation that Camp Chatuga, Inc., is a South Carolina corporation "but is now and was in 1967 engaged in doing business within the State of North Carolina." A careful examination of this complaint and the exhibits attached thereto reveals no allegation of any act of business, any tortious act or omission on the part of Camp Chatuga, Inc. in this state, or any contact with North Carolina at the time of the alleged tort or at any other time. There is no allegation that any officer, agent or employee of the corporation was present when the plaintiff was injured nor is there an allegation that any such officer, agent or employee did any act or failed to do any act which either injured the plaintiff or contributed to his injury. The sole allegation of negligence is contained in Paragraph 6 which reads: "6. That if this defendant was negligent in any way, which is denied, the negligence of the said Camp Chatuga, Inc., joined and concurred with the other proximate causes of the minor plaintiff's injury."

■ Federal procedure encourages liberal construction of pleadings but this third-party complaint falls far short of the minimum requirements. Rule 8(a) (2), Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." No reading of this third-party complaint and the exhibits attached thereto will reveal that Frontierland is entitled to any relief against Camp Chatuga, Inc. This court concludes that these pleadings fail to state a claim upon which relief could be granted against Camp Chatuga, Inc.

■ In addition to its Motion to Dismiss, Camp Chatuga, Inc. has moved for summary judgment and in support thereof filed an affidavit signed by Neil Gordon, Director and President of the corporation. This affidavit discloses that Camp Chatuga, Inc., is and was at the time of the occurrence described in the complaint a South Carolina corporation which conducts a summer camp for boys in that state; that all of its property and operations are in South Caroli-

na; that no boys from North Carolina attend said camp and that the corporation has not and does not now engage in any business of any sort in North Carolina. This affidavit was filed with the court on February 11, 1970, and the hearing was conducted on March 30, 1970, and no opposing affidavits have been filed by Frontierland. Under the provisions of Rule 56(e), Federal Rules of Civil Procedure, a party cannot rest upon the mere allegations or denials of his pleadings to preclude summary judgment but must show evidence which supports his position in the form of affidavits or otherwise. Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965). A careful reading of all the pleadings and affidavit in this cause clearly indicates that there is no genuine issue for trial in the third-party complaint between these parties. The complaint fails to state a cause of action upon which relief could be granted against Camp Chatuga, Inc., and all the evidence indicates that this court has not acquired *in personam* jurisdiction over said corporation. The Motion for Summary Judgment should therefore be allowed.